# In the United States Court of Federal Claims

No. 15-1033C
Filed: December 17, 2015[1]

| | |
|---|---|
| ***************************************** <br> * <br> OCTO CONSULTING GROUP, INC., * <br> * <br> Plaintiff, * <br> * <br> v. * <br> * <br> THE UNITED STATES, * <br> * <br> Defendant, * <br> * <br> and * <br> * <br> BOOZ ALLEN HAMILTON INC. * <br> * <br> Defendant-Intervenor. * <br> * <br> ***************************************** | Administrative Procedures Act ("APA"), <br>   5 U.S.C. § 706; <br> Bid Protest Jurisdiction, <br>   28 U.S.C. § 1491; <br> Equal Access to Justice Act, 28 U.S.C. § <br>   2412(d)(2)(B)(ii); <br> Federal Acquisition Regulation ("FAR"), <br>   48 C.F.R. §8.4, Federal Supply <br>   Schedules, <br>   48 C.F.R. §8.405-3, Blanket Purchase <br>   Agreements; <br> Federal Agency Procurement, <br>   41 U.S.C. § 152(3); <br> Interested Party, <br>   28 U.S.C. § 1491(b)(1); <br> Rules of the United States Court of <br>   Federal Claims ("RCFC"), <br>   RCFC 52.1, Administrative Record. |

**Cyrus Eastman Phillips, IV**, Albo & Oblon, L.L.P., Arlington, Virginia, Counsel for Plaintiff.

**Zachary John Sullivan**, Unites States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

**Jonathan D. Shaffer**, Smith Pachter McWhorter PLC, Tysons Corner, Virginia, Counsel for Defendant-Intervenor.

### MEMORANDUM OPINION AND FINAL ORDER

**BRADEN**, *Judge*.

---

[1] On December 16, 2015, the court forwarded a sealed copy of this Memorandum Opinion And Final Order to the parties to delete any confidential and/or privileged information from the public version, and note any citation or editorial errors requiring correction.

I.      **RELEVANT FACTUAL BACKGROUND.**[2]

   A.     **Request For Quotation No. 4QTFHS150004.**

On June 17, 2015, the United States General Services Administration ("GSA") issued Request For Quotation No. 4QTFHS150004 ("RFQ"), pursuant to Federal Acquisition Regulation ("FAR") 8.405-3 ordering procedures,[3] to establish Multiple-Award Blanket Purchase Agreements ("BPAs"), under which information technology services would be provided for a new GSA organization, 18F. AR Tab 8B at 907–24; *see also* AR Tab 13A at 954–55. Specifically, the RFQ established "a government-wide contract vehicle through which agencies can have access to a pool of vendors with agile delivery capabilities such as user-centered design, agile software development, and Development and Operations." AR Tab 13A at 954–55.

The RFQ provided for three multiple award pools: Pool One (Design Pool); Pool Two (Development Pool); and Pool Three (Design and Development Full Stack Pool). AR Tab 8B at 909–10; *see also* AR Tab 13A at 950–51. This protest concerns Pool Three, the pool for which Octo Consulting Group, Inc. ("Octo Consulting"), sought to qualify.

As reflected in the RFQ, GSA intended to award 10 BPAs for Pool Three. AR Tab 13A at 950. Therein, GSA also reserved the right, in its discretion, to award more, less, or no BPAs. AR Tab 13A at 950–51, 963. The BPAs were to be awarded on a "best value basis" determined by: (1) a pass/fail Compliance Review; and (2) two evaluation factors: technical approach and price. AR Tab 7 at 891.

   B.     **Evaluation Of Quotations.**

On July 7, 2015 when the RFQ closed, GSA performed and completed a compliance review for Pool Three,[4] including a review of Octo Consulting's quote. AR Tab 13 at 947; AR Tabs 17–

---

[2] The facts described herein are derived from the October 6, 2015 sealed Administrative Record ("AR Tabs 1–128," comprised of pages 1–5628) and the November 4, 2015 Corrected And Supplemented Administrative Record ("AR Tabs 129–131," comprised of pages 5629–5642).

[3] FAR 8.405-3, in relevant part, provides:

Request for Quotation procedures. The ordering activity must provide a RFQ, which includes the statement of work and evaluation criteria (e.g., experience and past performance), to schedule contractors that offer services that will meet the agency's needs. The RFQ may be posted to GSA's electronic RFQ system, e–Buy (see 8.402(d)).

FAR 8.405-3(b)(2)(iii).

[4] Although a total of 89 quotes were received, GSA reviewed 88, because one failed to submit a RFQ Compliance Review Checklist Google form. *See* Complaint at 1, *Guident Techs., Inc. v. United States*, No. 15-1221C (Fed. Cl. filed Oct. 20, 2015) (objecting to GSA's decision to reject Guident Technologies, Inc.'s quote).

2

34F at 1018–4330; AR Tab 35 at 4331; AR Tab 75 at 5274–76. During this review, GSA verified that offerors completed and submitted the RFQ Compliance Review Checklist Google form and other compliance components, including an attachment that mapped each offeror's quoted labor categories from their existing GSA Schedule 70 contract to the BPA labor categories. AR Tab 75 at 5276–77. GSA did not, however, verify whether an offeror's submission satisfied all technical criteria, because it planned to do so during the technical approach evaluation. AR Tab 13A at 952; AR Tab 13D at 981. After completing the compliance review, GSA determined that three of the quotes failed and 85 quotes, including Octo Consulting's, passed. AR Tab 75 at 5276.

Between July 7, 2015 and August 2015, GSA evaluated the 85 compliant quotes, based on the two evaluation factors. AR Tab 75 at 5276–79; AR Tab 35 at 4331; AR Tab 55 at 4384.

As to the first evaluation factor, *i.e.*, technical approach, offerors received a rating of: Exceptional, Acceptable, or Unacceptable. AR Tab 13A at 962; *see also* AR Tab 75 at 5278 (defining each rating). These ratings were assigned based on 18 criteria. AR Tab 13A at 963–65. For example, GSA assigned an Exceptional rating for the following types of submissions:



AR Tab 54 at 4382.

The evaluation of the technical approach factor for Pool Three offerors yielded the following ratings:

        Exceptional:    40 Quotes
        Acceptable:     23 Quotes
        Unacceptable:  22 Quotes

AR Tab 55 at 4384; AR Tab 75 at 5278. Octo Consulting's quote was one of 40 that received an Exceptional rating. AR Tab 74 at 5271.

As to the second evaluation factor, *i.e.*, price, the RFQ indicated this factor was less significant than the technical approach factor. AR Tab 7 at 891; *see also* AR Tab13A at 966. As such, this factor would be determinative for quotes that received the same technical approach rating. AR Tab 7 at 891; *see also* AR Tab 13A at 966. Of the 40 Exceptional-rated quotes, GSA performed labor category mapping analysis on the 20 lowest priced. AR Tab 73 at 5269; *see also* AR Tab at 5279. Octo Consulting's price—■■■■■—ranked 23rd amongst the Exceptional-rated quotes, and therefore, was not further considered. AR Tab 73 at 5269; AR Tab 75 at 5279.

    **C.**    **Selection Of Awardees.**

GSA determined that 16 of the 20 lowest priced, Exceptional-rated quotes were adequate and deemed eligible for best value awards. AR Tab 75 at 5280. Although the initial RFQ indicated

that GSA intended to make 10 awards, in its Best Value Award Determination document, GSA explained the basis for increasing the number of awards for Pool Three from 10 to 16:

> The RFQ provided that "GSA intends to establish approximately 10 BPAs for Pool Three" and "The approximate number of BPAs is an approximation and GSA reserves the right in its sole discretion to establish a fewer or greater number of BPAs." After solicitation and receipt of quotes, GSA contemplated increasing the awards to potentially 20 BPAs for Pool Three in order to maintain BPA coverage over the life of the BPA given that some vendors' Multiple Award Schedule contracts are set to be expiring between March 6, 2017 through July 14, 202.
>
> * * *
>
> [As such,] [t]he award size was increased from the estimate of Ten awards to Sixteen[.]

AR Tab AR Tab 75 at 5279.

Accordingly, on August 27, 2015 and August 28, 2015, the GSA contracting officer processed award notifications for the following awardees:

| 1. TrueTandem, LLC ("TrueTandem") | $16,536.81 |
| --- | --- |
| 2. NCI Information Systems, Inc. ("NCI") | $23,761.02 |
| 3. DSoft Technology Company | $24,692.95 |
| 4. World Wide Technology | $24,742.81 |
| 5. Flexion, Inc. | $25,426.44 |
| 6. TeraLogics, LLC | $27,014.18 |
| 7. Three Wire Systems, LLC | $27,832.29 |
| 8. Pricewaterhouse Coopers Public Sector ("PwC") | $30,249.95 |
| 9. Environmental Systems Research Institute, Inc. ("Esri") | $31,026.17 |
| 10. TechFlow, Inc. | $31,530.21 |
| 11. SemanticsBits | $33,118.02 |
| 12. Applied Information Sciences, Inc. ("AIS") | $33,435.06 |
| 13. Ventera Corporation | $36,451.41 |
| 14. Acumen Solutions, Inc. ("Acumen") | $39,132.89 |
| 15. Vencore Services and Solutions, Inc. | $46,435.90 |
| 16. Booz Allen Hamilton, Inc. | $49,616.18 |

AR Tab 75 at 5280–82; *see also* AR Tabs 93A–93Q at 5382–400.

On August 28, 2015, GSA sent notifications to all unsuccessful offerors, including Octo Consulting, and announced the number and identity of all Pool Three BPA awardees. AR Tab 93 at 5382–83.

4

## II.     RELEVANT PROCEDURAL HISTORY.

On September 17, 2015, Octo Consulting filed a Complaint ("Compl.") in the United States Court of Federal Claims. On September 18, 2015, the court held a telephone status conference with the parties.

On September 21, 2015, the parties submitted a Joint Proposed Scheduling Order, wherein the Government agreed that it "will not issue orders on the [BPAs] at issue in this action . . . through and including December 17, 2015, unless and until the earlier of one of the following events occurs: (1) this protest before the court is dismissed; or (2) the court issues a decision upon plaintiff's protest that does not enjoin the agency from doing so." Scheduling Order at 2, Dkt. No. 6. That same day, the court entered the Scheduling Order and a Protective Order.

On October 5, 2015, Booz Allen Hamilton Inc. ("Booz Allen") filed an Unopposed Motion To Intervene. That same day, the Government filed the Administrative Record under seal. On October 13, 2015, the court issued an Order granting Booz Allen's October 5, 2015 Unopposed Motion To Intervene.

On October 15, 2015, under seal, Octo Consulting filed: a Motion For Judgment On The Administrative Record ("Pl. Mot."); and a Brief In Support Of Motion For Judgment On The Administrative Record ("Pl. Br.").

On October 23, 2015, the Government filed a Notice Of Directly Related Case, *Guident Technologies, Inc. v. United States*, No. 15-1221C (Fed. Cl. filed October 20, 2015), which the court determined did not warrant consolidation with this protest.

On November 2, 2015, the Government filed an Unopposed Motion For Leave To Correct And Supplement The Administrative Record that the court granted on November 3, 2015.

On November 4, 2015, under seal, the Government filed: a Motion To Dismiss For Lack of Jurisdiction Or, In The Alternative, Cross-Motion For Judgment On The Administrative Record And Opposition To Plaintiff's Motion For Judgment On The Administrative Record ("Gov't Mot."); and a Corrected And Supplemented Administrative Record. That same day, Booz Allen filed a Cross Motion For Judgment On The Administrative Record And Memorandum In Support And Response To Plaintiff's Motion ("Int. Mot.").

On November 12, 2015, under seal, Octo Consulting filed a Brief In Support Of Response To Cross-Motions For Judgment On The Administrative Record And Reply To Response To Motion For Judgment On The Administrative Record ("Pl. Resp.").

On November 20, 2015, under seal, the Government filed a Reply To Plaintiff's Opposition To Defendant's Motion To Dismiss For Lack Of Jurisdiction Or, In The Alternative, Cross-Motion For Judgment On The Administrative Record ("Gov't Reply"). That same day, under seal, Booz Allen filed a Reply To Plaintiff's Response To Booz Allen's Cross-Motion For Judgment On The Administrative Record ("Int. Reply").

**III.     DISCUSSION.**

    **A.     Jurisdiction.**

As a matter of law, the court must consider jurisdiction before reaching the substantive merits of a case. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."). When deciding a subject-matter jurisdiction challenge, the court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences in [the non-moving party's] favor." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000).

Pursuant to 28 U.S.C. § 1491(b)(1), the United States Court of Federal Claims has jurisdiction:

> to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or proposed procurement.

28 U.S.C. § 1491(b)(1).

The September 17, 2015 Complaint in this case alleges: (1) "the Agency's Multiple-Awards were irrationally based, arbitrary, or capricious"; (2) "the Agency's Multiple-Awards were not 'made in accordance with the basis for selection in the RFQ' and in violation of FAR 8.405-3(b)(2)(vi)";[5] and (3) "the Agency failed to conduct the Competition to 'enable the Government to assess the price of performance as between competing quotes,'" or in the alternative, "there was no Price assessment . . . or the Price assessment conducted . . . was irrational, arbitrary, or capricious." Compl. ¶ 2. Since the September 17, 2015 Complaint alleges sufficient facts of a claim to satisfy 28 U.S.C. § 1491(b)(1), and places in issue potential violations of law or federal regulation "in connection with" the procurement and award of the BPAs, the United States Court of Federal Claims would have jurisdiction to adjudicate this claim.

    **B.     Standing.**

Under 28 U.S.C. § 1491(b)(1), "[t]he party invoking federal jurisdiction bears the burden of establishing the[] elements [of standing]." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992);

---

[5] FAR 8.405-3(b)(2)(vi) provides:

> The ordering activity contracting officer shall ensure all quotes received are fairly considered and award is made in accordance with the basis for selection in the RFQ. The ordering activity is responsible for considering the level of effort and the mix of labor proposed to perform, and for determining that the proposed price is reasonable.

FAR 8.405-3(b)(2)(vi).

*see also Myers Investigative & Sec. Servs. v. United States*, 275 F.3d 1366, 1369 (Fed. Cir. 2002) (same).

As a threshold matter, to have standing under 28 U.S.C. § 1491(b)(1), a plaintiff contesting the award of a federal contract must establish that it is an "interested party." *See Myers*, 275 F.3d at 1369 ("[S]tanding is a threshold jurisdictional issue."); *see also Orion Tech., Inc. v. United States*, 704 F.3d 1344, 1348 (Fed. Cir. 2013) ("In a bid protest, only an 'interested party' has standing to challenge a contract award.").

The United States Court of Appeals for the Federal Circuit has construed the term "interested party," under 28 U.S.C. § 1491(b)(1), as synonymous with "interested party" as it is used in 31 U.S.C. § 3551(2)(A). *See Rex Serv. Corp. v. United States*, 448 F.3d 1305, 1307 (Fed. Cir. 2006) (citing decisions that adopt the Competition in Contracting Act ("CICA") definition of "interested party" for purposes of 28 U.S.C. § 1491(b)(1)). As such, to prove that it is an "interested party," a plaintiff must establish that: "(1) it was an actual or prospective bidder and (2) it had a direct economic interest in the procurement or proposed procurement." *Distrib. Sols., Inc. v. United States*, 539 F.3d 1340, 1344 (Fed. Cir. 2008).

In addition to establishing "interested party" status, a protestor must show that the alleged errors in the procurement were prejudicial. *See Myers*, 275 F.3d at 1370 ("[P]rejudice (or injury) is a necessary element of standing."); *see also Labatt Food Serv. Inc. v. United States*, 577 F.3d 1375, 1378–79 (Fed. Cir. 2009) ("It is basic that 'because the question of prejudice goes directly to the question of standing, the prejudice issue must be reached before addressing the merits.'" (quoting *Info. Tech. & Applications Corp. v. United States*, 369 F.3d 1312, 1319 (Fed. Cir. 2003))).

A proper standing inquiry must not conflate the requirement of "direct economic interest" with prejudicial error. *See Labatt*, 577 F.3d at 1380 (explaining that failure to separate the direct economic interest inquiry from the prejudicial inquiry "would create a rule that, to an unsuccessful but economically interested offeror in a bid protest, any error is harmful"). To establish a "direct economic interest, a [plaintiff] must show that it had a 'substantial chance' of winning the contract." *Digitals Educ. Sols., Inc. v. United States*, 664 F.3d 1380, 1384 (Fed. Cir. 2012). In contrast, to establish prejudice, a plaintiff must "show that *but for the error*, it would have had a substantial chance of securing the contract." *Labatt*, 577 F.3d at 1378, 1380 (emphasis added) (holding that the plaintiff must establish that "the [G]overnment's error caused [it] to suffer disparate treatment or a particularized harm"). Therefore, the "direct economic interest" inquiry focuses on the plaintiff's general *likelihood* of winning the contract without the Government's error, whereas the prejudice inquiry focuses on the *effect of the Government's error* on the plaintiff's chances of being awarded the contract.

### C.    Whether Octo Consulting Has Standing.

#### 1.    The Government's And Defendant-Intervenor's Argument.

The Government and Booz Allen argue that Octo Consulting does not have standing to contest the GSA's decision, because Octo Consulting cannot show that it was prejudiced by the alleged procurement errors. Gov't Mot. at 28; Int. Mot. at 12.

7

Specifically, the Government and Booz Allen contend that Octo Consulting "cannot demonstrate that it had a substantial chance of winning an award but for the alleged errors in the procurement process." Gov't Mot. at 28; *see also* Int. Mot. at 12. "GSA did not indicate the exact number of BPAs that would be established and did not even *approximate* the number to be 17.[6] Instead, GSA indicated the *approximate* number of awardees would be *10* and that GSA reserved the right in its sole discretion to establish a fewer or greater number and to not issue a BPA." Gov't Mot. at 28 (emphasis added) (citing AR Tab 13A at 950–51); *see also* Int. Mot. at 11. Moreover, Octo Consulting "was *not* next in line for an award and was *not* even in line to be in the potential awardee pool of 20." Gov't Mot. at 28 (emphasis added); *see also* Int. Mot. at 11. As such, "if one or more of the BPA awards is set aside, there [is] no requirement for [GSA] to award Octo [Consulting] a BPA." Int. Mot. at 11.

### 2. Octo Consulting's Response.

Octo Consulting responds that the Government's "post hoc rationalizations . . . must be abjured[.]" Pl. Resp. at 22. Specifically, Octo Consulting quotes sections of the Government's standing argument to demonstrate that the Government "unabashedly asserts that [GSA], which clearly and prejudicially violated FAR 8.405-3(b)(2)(vi), is entitled to benefit from the uncertainty rectifying these unlawful acts will create." Pl. Resp. at 21.

### 3. The Court's Resolution.

Octo Consulting timely submitted a quote in response to RFQ No. 4QTFHS150004. AR Tab 24 at 2784–849. As an actual bidder, Octo Consulting satisfied the first element of the "interested party" test. *See Distrib. Sols.*, 539 F.3d at 1344 ('To qualify as an 'interested party,' a protestor must establish that . . . it was an actual or prospective bidder or offeror[.]").

But, Octo Consulting has not satisfied the second element, *i.e.*, that a plaintiff must have a "direct economic interest" in the procurement. Octo Consulting's quote was substantially higher than the other Exceptional-rated quotes, ranking 23rd, and placing it outside of the 20 contemplated awards. *Compare* AR Tab 74 at 5271 (listing Octo Consulting's July 7, 2015 quote as ▬▬, ▬▬▬▬▬▬▬' quote as ▬▬▬, and ▬▬▬▬▬▬'s quote as ▬▬▬), *with* AR Tab 75 at 5280 (listing Pool Three awardees' prices as ranging from $16,536.81 to $49,616.18). Therefore, Octo Consulting has not shown a "direct economic interest" in the procurement, because it cannot "show that it had a 'substantial chance' of winning the contract." *Digitals*, 664 F.3d at 1384.

Octo Consulting also has not established prejudice. Octo Consulting argues that GSA's decision to award BPAs to Acumen, NCI, PwC, and TrueTandem was a violation of FAR 8.405-3(b)(2)(vi), because these quotes were "materially noncompliant with the terms of [the] RFQ[.]" Pl. Mot. at 17–18. Even if the court accepted Octo Consulting's argument as true, the RFQ did

---

[6] On September 23, 2015, GSA awarded a BPA to InQbation—one of the 20 offerors in the potential award group that was eliminated, based upon the labor category mapping requirement. GSA's award was based on a subsequent determination that InQbation met the requirement. AR Tabs 97–100 at 5411–18.

8

not require GSA to choose a specific number of awardees. AR Tab 13A at 951 ("The approximate number of BPAs is an approximation and GSA reserves the right in its sole discretion to establish a fewer or greater number of BPAs."). As such, even if GSA erred in awarding BPAs to Acumen, NCI, PwC, and TrueTandem, there was no requirement for GSA to make an award to another offeror, much less Octo Consulting. Moreover, there were two offerors that had a higher rank than Octo Consulting and would be next in line for consideration over Octo Consulting. AR Tab 74 at 5271 (ranking ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓' quote and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓'s quote as 21 and 22, *i.e.*, ahead of Octo Consulting). As such, Octo Consulting cannot demonstrate that "but for the [Government's] error, it would have had a substantial chance of winning the contract." *Labatt*, 577 F.3d at 1378.

For these reasons, the court has determined that Octo Consulting does not have standing, so the court need not consider the merits of the September 17, 2015 bid protest Complaint. *See Info Tech. & Applications Corp. v. United States*, 316 F.3d 1312, 1319 (Fed. Cir. 2003) ("[B]ecause the question of prejudice goes directly to the question of standing, the prejudice issue must be reached before addressing the merits."); *see also Myers*, 275 F.3d at 1369 ("[S]tanding is a threshold jurisdictional issue.").

## IV. CONCLUSION.

For the reasons discussed herein, Octo Consulting's October 15, 2015 Motion For Judgment On The Administrative Record is **denied**. The Government's November 4, 2015 Motion To Dismiss For Lack Of Jurisdiction Or, In The Alternative, Cross-Motion For Judgment On The Administrative Record And Opposition To Plaintiff's Motion For Judgment On The Administrative Record is **granted**. Likewise, Booz Allen's November 4, 2015 Cross Motion For Judgment On The Administrative Record is **granted**.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**